Eugenia Montalvo, Plaintiff and Appellee, *v.* Zoilo Ferrero Acosta, etc., Defendant and Appellant.

No. 8014.   Argued March 6, 1940.—Decided May 24, 1940.

*Felipe Colón Díaz* for appellant.   *Frank Torres* for appellee.

Mr. Justice Travieso delivered the opinion of the court.

The plaintiff herein claims from the judicial administrator of the estate of decedent Angel Ferrero $339.50 lent by her to Ferrero while both were living in concubinage. It is alleged by her that Ferrero promised to return to her the amount of the loan as soon as he was paid his soldier's bonus; that Ferrero fell ill and died without repaying to her the above sum; and that the defendant administrator has refused either to acknowledge or to pay decedent's obligation.

After denying the essential facts of the complaint, defendant has set up the following defenses:

(1) That Ferrero left as his heirs his brother Zoilo and Juan Ferrero y Acosta and his sister Remedio Ferrero y Acosta, who are necessary parties to the present action and have not been included as parties defendant.

(2) That defendant Zoilo Ferrero was appointed temporary judicial administrator and has not yet been appointed permanently, and

that he can not be sued in his capacity as such temporary administrator in the instant case.

(3) That plaintiff's claim is fraudulent because she sought to pass as the widow of Angel Ferrero before the United States Veterans' Bureau for the purpose of collecting the soldier's bonus to which Ferrero was entitled.

The defendant appealed from an adverse judgment on the grounds that: the District Court of Ponce erred in holding that the temporary judicial administrator herein could be sued; in overruling the defense of lack of jurisdiction because not all the parties necessary to the action were before the court; and in rendering a judgment not supported by the evidence.

We have considered the evidence introduced by both sides. That for the plaintiff, which was fully believed by the trial court, is in our judgment amply sufficient to support the averments of the complaint and to warrant the judgment appealed from. That for the defendant set up a conflict which was resolved against him by the trial court. As it does not appear that the trial court was moved by bias, passion or prejudice or that it erred in weighing the evidence, we feel compelled not to disturb its judgment.

The two first assignments may be discussed together. Neither from the pleadings nor from the evidence introduced does it appear that a declaration of heirship was made in favor of the alleged brothers of decedent Angel Ferrero prior to the filing of the action. Until such declaration is made, the judicial representation of the person of the intestate decedent is vested in the judicial administrator. In *Pérez* v. *Zeda*, 35 P.R.R. 303, in passing upon this same question, this court expressed itself as follows:

"By a fiction of the law the administrator is the legal continuation of the decedent's personality and hence his authority to represent him in all actions brought against the estate or to bring such actions as lie in benefit thereof. But this continuation of the personality of the decedent is limited to the period between his death and the

declaration of heirship. After this the power of the administrator is limited, as in testamentary proceedings, to acts of mere administration and to those that are indispensable in the fulfilment of his duties as such.

"  .     .     .     .     .     .     .

"In the complaint it is alleged that after the death of Vicente Irizarry the declaration of heirship was made in favor of his children and the administrator's lack of legal capacity to bring this action is clear,...."

Manresa, Law of Civil Procedure, Vol. 4, p. 496; section 51, Special Legal Proceedings (section 584, Code of Civil Procedure, 1933 ed.), and *Franceschi* v. *District Court*, 45 P.R.R. 646, 655.

■ It is the duty of every administrator to pay the valid · debts of decedent within a reasonable time, with the intervention of the heirs, or, in default thereof, of the district court. The creditor may judicially claim payment of his credit, and it is not necessary that he should first claim the same from the administrator. Sections 60 and 61 of the Law of Special Legal Proceedings; *Bank of Ponce* v. *Hatch et al.*, 37 P.R.R. 703. The law does not set up any distinction between a permanent and a temporary administrator. It is incumbent upon each of them to take charge of the estate and effects of decedent. And both—"every administrator," says the law—are under the duty to pay the debts of decedent.

In the instant case it has neither been alleged nor shown that a declaration of heirship has been made and we must, therefore, hold that plaintiff did the right thing in bringing her action against the judicial administrator and that decedent's brothers were not necessary parties to the action.

The judgment appealed from must be affirmed.